**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

|  |  |  |
|---|---|---|
| KIEL JAMES PATRICK, LLC, | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | C.A. No. |
| | ) | |
| JOHN DOE and XYZ Corporation, | ) | |
| *Defendant.* | ) | |

**COMPLAINT**

Plaintiff Kiel James Patrick, LLC ("**KJP**" or "**Plaintiff**"), by and through the undersigned counsel, hereby brings this action against the Defendant John Doe and the Defendant XYZ Corporation (collectively, "**Defendant**") for money and equitable damages from the causes of action set forth herein.

**INTRODUCTION**

1. This action has been filed to combat unfair competition by online infringers and counterfeiters who go to great lengths to conceal their identity and harmfully trade upon KJP's reputation and goodwill by selling and/or offering for sale imitation products in connection with KJP's trademarks and KJP's advertising materials. KJP seeks to stop the e-commerce and Internet store of the Defendant from misrepresenting itself and its products as those of KJP and from selling inferior imitations and counterfeits of KJP's products and using KJP's trademarks and KJP's advertising materials without authorization.

2. KJP has been, and continues to be, actually and irreparably harmed through consumer confusion in relation to its valuable trademarks and products because of Defendant's actions and seeks injunctive and monetary relief. KJP is forced to expeditiously file this action to combat unfair competition, infringement, and protect unknowing consumers from purchasing

1

unauthorized and inferior KJP products over the Internet from a concealed and unreachable individual and/or entity.

3. Indeed, alongside KJP's trademarks, original photos featuring KJP's namesake, and advertising materials, the Defendant blatantly advertises a clearance sale on all products, aiming to mislead and confuse customers into thinking it is associated with KJP, when in fact, it is not. Immediate action is necessary to prevent the Defendant from having scammed consumers with imitation and counterfeit products and/or goods violating KJP's rights and then absconding with the resulting ill-gotten funds to beyond the reach of this Court. Attached hereto as **_Exhibits 1-4_** are true and correct copies of screenshots of the identified Internet Store, which are hereby incorporated by reference.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over the claims asserted herein pursuant to 15 U.S.C. § 1051 *et seq.* ("**Lanham Act**") and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the claims asserted herein which arise under state statutory and common law pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over the Defendant as it directly targets consumers in the United States, including in Rhode Island, through at least one fully interactive commercial internet store operating at stripetsweater.com (https://stripetsweater.com/) ("**Internet Store**"). The Defendant is committing tortious acts in Rhode Island, engaging in interstate commerce, and wrongfully causing KJP substantial injury in Rhode Island.

## PARTIES

6. Plaintiff KJP, LLC is a Rhode Island limited liability company with a principal place of business located at 925 Central Avenue, Pawtucket, Rhode Island 02861. KJP designs, creates, manufactures, and sells original fashion products and accessories, including, among other items, clothing, jewelry, and pet accessories ("**Products**"). KJP's Products are uniquely inspired by the unique aspects of New England life with emphasis on themes such as living a nautical lifestyle, pursuing the "American Dream," and the aesthetics of New England's changing seasons.

7. Upon information and belief, the Defendant is an individual and/or business entity that is the owner and operator of the Internet Store and resides in the Socialist Republic of Vietnam or other foreign jurisdictions. Upon information and belief, the Defendant operates an Internet Store on which Rhode Island residents can purchase imitation and counterfeit products and/or goods and that offers shipping to the United States, including in Rhode Island, and accepts payment in U.S. dollars through PayPal, and/or other similar vendors and/or services, for the imitation and counterfeit products and/or goods.

8. The Defendant has gone to great lengths to conceal its identity and anonymously operate its Internet Store. The Internet Store provides no details about an associated company, entity, owner, physical address, or contact information in its "About Us" section, Terms & Conditions, or Privacy Policy, only "Shipping Policy" at: server@stripetsweater.com. Upon information and belief, the Defendant uses privacy services with respect to the domain name registration and website hosting that conceal its identity and contact information. These are common tactics used by similar operators and counterfeiters to conceal their identities, hide the interworking of their counterfeiting, and avoid being shut down or reached by a U.S. Court.

## KJP BUSINESS AND INNOVATION

9.  KJP's Products are advertised, marketed, and sold at/on the e-commerce store, www.kieljamespatrick.com ("**KJP Website**") and KJP's Products are also sold at the Kiel James Patrick Flagship Store in Newport, Rhode Island. KJP owns and uses numerous and various trademarks and advertising materials to promote, advertise, and sell its Products, and its trademarks are closely associated with KJP's brand and Products, as well as their high-quality and nature.

10. Through its advertising, marketing, and promotional expertise, KJP has developed its business such that the KJP brand is now internationally recognized with millions of social media followers domestically and worldwide. One of KJP's Instagram accounts—where KJP's Products and its advertising materials, and trademarks are consistently featured—has over 1,200,000 "followers" who follow and support KJP. One of KJP's TikTok accounts—where KJP Products and its advertising materials, and trademarks are consistently featured has over 1,400,000 "followers" who follow and support KJP.

11. KJP's business success is closely related to its renowned Internet and social media advertising, marketing, and promotional skills and abilities, which generate multiple millions of views, likes, comments, and other interactions in relation to the KJP brand and generate exposure worth millions of dollars in more traditional methods of advertising and promotion. KJP's advertising, marketing, and promotional efforts include, but are not limited to, the use and promotion of its trademarks and advertising materials across the Internet, print media, webpages, and most notably, social media.

**KJP MARKS AND ADVERTISING MATERIALS**

12. KJP is the owner of numerous valid and subsisting trademark registrations with the United States Patent and Trademark Office ("**USPTO**") including the following: (a) U.S. Reg. No.

5787726; (b) U.S. Reg. No. 4217951; (c) U.S. Reg. No. 4217952; (d) U.S. Reg. No. 5799190; (e) U.S. Reg. No. 4233031; (f) U.S. Reg. No. 6095333; (g) U.S. Reg. No. 6095331; (h) U.S. Reg. No. 5787724; and (i) U.S. Reg. No. 4819102 (collectively and individually, as well as all common law rights therein, "**KJP Marks**").  Attached hereto as *__Exhibit 5-13__* are true and correct copies of the KJP's trademark registrations as identified above, which are hereby incorporated by reference.

13. The registration of the KJP Marks is prima facie evidence of KJP's exclusive right to use each mark as trademark and that each is valid, subsisting, and in full force and effect. The KJP Marks are distinctive and identify the Products as goods designed, manufactured, and sold by KJP and have become synonymous with the Products and denote to the public the Products' high quality, well-manufactured nature.

14. KJP has expended substantial time, money, and other resources in developing, advertising, marketing, and promoting the KJP Marks, which has resulted in the KJP Marks being widely recognized and the KJP Marks being exclusively associated by consumers, the public, and the trade with Products distinctly from KJP.  Due to the widespread popularity of the Products, the KJP Marks are famous trademarks pursuant to 22 U.S.C. § 1125(c).

15. The KJP Website and KJP's social media accounts regularly post, as advertising and marketing material and content, original photographs, videos, and other content (the "**KJP Advertising Materials**") that feature a distinct, cultivated, and recognizable aesthetic and point of view that is uniquely associated with the KJP brand.  Attached hereto as *__Exhibit 14-17__* are true and correct copies of screenshots of select examples of the KJP Advertising Material as listed on KJP's Website and as listed on the Internet Store, which are hereby incorporated by reference.

16. Like with the KJP Marks, KJP has expended substantial time, money, and other resources in developing, advertising, marketing, and promoting the KJP Advertising Materials,

which has resulted in the KJP Advertising Materials being widely recognized and the KJP Advertising Materials being exclusively associated by consumers, the public, and the trade with Products distinctly from KJP.

17. KJP Marks and Advertising Material are frequently infringed and used without authorization on social media and online marketplaces that are challenging to timely and effectively police. The KJP Advertising Materials are often used, copied, manipulated, and featured without KJP's authorization to create the false impression of an association with KJP and/or mislead or confuse consumers into wrongfully believing that there is an association with KJP when there is none. These false statements and misrepresentations occur frequently on social media, websites, and online marketplaces that are challenging to timely and effectively police.

## UNLAWFUL CONDUCT

18. Upon information and belief, the Defendant's Internet Store appears to unknowing customers to be an authorized online retailer, store, or wholesaler of genuine KJP Products set up to accept payment in U.S. dollars via credit card and through PayPal and/or other similar vendors and/or services. KJP, however, has never granted the Defendant any authorization, permission, or license to use, copy, or reproduce the KJP Marks and/or KJP Advertising Materials including, but not limited to, KJP's photographs, videos, and content, nor granted the Defendant any authorization, permission or license to sell or offer for sale KJP's Products. Numerous instances of the Defendant's unauthorized use of the KJP Marks and the KJP Advertising Materials exist and are found on the Defendant's Internet Store.

19. The Internet Store further perpetuates an illusion of legitimacy and authorization by imitating the look and feel of the genuine KJP Website and checkout process, also, upon information and belief, falsely providing in its so-called "About Us" that:

> "What we do We recognize that our longevity as a growing company depends on the satisfaction of our loyal customers. To better serve our employees, the community, and the world, stripetsweater.com is committed to promoting sustainability in our business practices. With constant evaluation and attention, we're proud to have achieved change that emphasizes renewable energy, recycling and more. We strive to exceed our customers' needs and expectations with simplicity and excellence while providing exceptional and friendly customer service."

20. It additionally courts the illusion of legitimacy by promoting that it accepts payment in U.S. dollars via credit card and PayPal and/or other similar vendors and/or services, which acceptance of payment allows and enables consumer confusion and the false advertising of KJP's Products and infringement of KJP's Marks and Advertising Material. Attached hereto as **_Exhibits 18 and 19_** are true and correct copies of screenshots of the Internet Store's "About Us" and "Après Sail" sweater describing accepted payments options, as identified above, which are hereby incorporated by reference.

21. The Internet Store facilitates the sale of infringing and/or counterfeit products and/or goods by appearing to unknowing consumers to be an authorized online retailer selling genuine KJP Products. It undermines and harms KJP by selling what are knowingly infringing and/or counterfeit products and/or goods at discounts of over 50% from KJP genuine Products. (e.g., $73.15 on the Internet Store for the "American Retriever Monogram" sweater versus $138.00 on www.kieljamespatrick.com for the actual and genuine item). Attached hereto as **_Exhibits 20 and 21_** are true and correct copies of screenshots of "American Retriever Monogram" Sweater as listed on the Internet Store and as listed on KJP's website, which are hereby incorporated by reference.

22. The Internet Store specifically includes images and design elements that make it very difficult for consumers to distinguish such a counterfeit offering from an authorized KJP

7

website or seller. The Internet Store uses the same KJP Product descriptions and names used by KJP on its authorized website, www.kieljamespatrick.com. For example, but not limited to, it promotes and sells the popular "American Yacht" sweater and "Squam Lake Canoe Monogram" sweater from KJP. Attached hereto as **_Exhibits 22 and 23_** are true and correct copies of screenshots of "Squam Lake Canoe Monogram" sweater as listed on the Internet Store and as listed on KJP's website, which are hereby incorporated by reference.

23. The Internet Store also prominently displays original KJP content and photographs and KJP Advertising Materials. Notably, it features a photograph of the family of the KJP namesake wearing the "American Yacht Sweater," a product strongly associated with KJP. The KJP family is frequently showcased on the official KJP website at www.kieljamespatrick.com and widely circulated across its social media platforms, including Instagram and TikTok. Attached hereto as **_Exhibits 24 and 25_** are true and correct copies of screenshots of the KJP family as displayed on the Internet Store and then as displayed on KJP's website, which are hereby incorporated by reference.

24. Upon information and belief, the Defendant also deceives unknowing consumers by using the KJP Marks without authorization within the content, text, and/or meta tags of their websites to attract various search engines crawling the Internet looking for websites relevant to consumer searches for KJP Products. Attached hereto as **_Exhibit 26_** is a true and correct copy of a screenshot of the Internet Store showing the "KJP" mark (1) in the tab name, (2) in the local page directory, and (3) in the heading of the webpage, which is hereby incorporated by reference.

25. Upon information and belief, online counterfeiters operate (often multiple) credit card merchant accounts and PayPal accounts, and/or other similar vendors and/or services, behind layers of payment gateways so that they can continue operation despite KJP's enforcement efforts.

Upon information and belief, such counterfeiters maintain an offshore bank account(s) and regularly move funds from these U.S.-based account(s) to these offshore accounts to attempt to escape the jurisdiction of this Court.

26. Upon information and belief, the Defendant maintains offshore bank accounts and regularly uses its PayPal account(s), and/or other similar vendors and/or services, to take payment, or be available to take payment, from consumers, including Rhode Island residents, for imitation and counterfeit products and/or goods that are advertised and promoted without authorization from KJP using the KJP Marks. Upon information and belief, the Defendant regularly moves such ill-gotten funds from their U.S.-based account(s) to their offshore accounts in order to abscond with them and escape the jurisdiction of this Court.

## CONFUSION AND HARMS

27. KJP has never granted the Defendant any authorization, permission, or license to use, copy, or reproduce the KJP Marks and/or KJP marketing materials including, but not limited to, KJP's photographs, videos, and content, nor granted the Defendant any authorization, permission or license to sell or offer for sale KJP's Products.

28. Without any authorization or license from KJP, the Defendant knowingly and willfully, has used, and continues to use, the KJP Marks in connection with the advertisement, distribution, offering for sale, and sale of counterfeit products and/or goods into the United States and Rhode Island over the Internet.

29. The Defendant's acts of unfair competition, including in the forms of infringement, counterfeiting, false designation of origin, and false advertisement, and the unauthorized use of the KJP Marks and the KJP Advertising Materials, and sale of imitation and counterfeit products and/or goods have actually caused and are likely to continue to cause confusion, mistake, and

deception among the relevant consuming public as to the source, nature, and quality of the Products that KJP is offering under the KJP Marks and KJP Advertising Materials and have and are likely to continue to deceive the relevant consuming public into believing, mistakenly, that the Defendant is associated or affiliated with or sponsored by KJP.

30. The Defendant's acts are actually causing and, unless restrained, will continue to cause, damage and immediate irreparable harm to KJP and to its valuable reputation and goodwill with the consuming public for which KJP has no adequate remedy at law. Attached hereto as ***Exhibits 27*** is a true and correct copy of an email as identified above, which is hereby incorporated by reference.

31. Upon information and belief, the Defendant's actions are intentional and knowing and meant to harm KJP and wrongfully benefit from the goodwill, popularity, and fame of KJP and its Products and the KJP Marks and KJP Advertising Materials. Upon information and belief, Defendant does not intend to stop its wrongful activities and conduct towards KJP.

## CAUSES OF ACTION

### COUNT I
### TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

32. KJP repeats and realleges the allegations contained in every prior paragraph in this Complaint as if set forth in full herein.

33. This action against the Defendant is based on its unauthorized use in commerce of imitations of the KJP Mark in connection with the sale, offering for sale, distribution, and/or advertising of infringing and counterfeit products and/or goods. KJP is the exclusive owner of the KJP Marks which registrations are in full force and effect. The KJP Marks are highly distinctive,

and consumers have come to expect the highest quality from KJP's Products provided under the KJP Marks.

34. Upon information and belief, the Defendant has sold, offered to sell, marketed, distributed, and advertised, and is still selling, offering to sell, marketing, distributing, and advertising imitation and counterfeit products and/or goods and in connection with the KJP Marks without KJP's permission. The Defendant's wrongful conduct constitutes trademark infringement. The Defendant's conduct has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with KJP or the origin, sponsorship, or approval of the Defendant's infringing products by KJP.

35. Upon information and belief, Defendant has knowledge of KJP's rights in the KJP Marks, and is willfully infringing and intentionally using counterfeits of the KJP Marks and selling imitation and counterfeit products and/or goods. The Defendant's willful, intentional, and unauthorized use of the KJP Marks has likely caused and is likely to continue to cause confusion, mistake, and deception as to the origin and quality of the counterfeit goods among the general public. The Defendant's activities constitute willful trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

36. As a direct and proximate result of the Defendant's wrongful conduct, KJP is entitled to, among other relief, injunctive relief and an award of actual and/or statutory damages, the Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

<div style="text-align:center">

**COUNT II**
**FALSE DESIGNATION OF ORIGIN**
**(15 U.S.C § 1125(a))**

</div>

37. KJP repeats and realleges the allegations contained in every prior paragraph in this Complaint as if set forth in full herein.

38. The Defendant's conduct as alleged herein constitutes unfair competition, including false designation of origin, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

39. The Defendant's unauthorized use in commerce of the KJP Advertising Materials, including exact or manipulated photographs of KJP Products and/or KJP's photographs from KJP's Website, as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of the Defendant's products, and has caused or is likely to cause consumers to believe, contrary to fact, that the Defendant's products are sold, authorized, endorsed, or sponsored by the KJP, or that the Defendant is in some way affiliated with or sponsored by KJP.

40. The Defendant's unauthorized use in commerce of the KJP Advertising Materials, including exact or manipulated photographs of KJP Products and/or KJP's photographs from KJP's website, as alleged herein constitutes use of a false designation of origin and a false and/or misleading description and/or representation of fact.

41. Upon information and belief, the Defendant's conduct as alleged herein is willful and is intended to and has or is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of the Defendant with KJP.

42. The Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to KJP, and to its goodwill and reputation, and will continue to both damage KJP and confuse the public unless enjoined by this court and KJP has no adequate remedy at law.

43. As a direct and proximate result of the Defendant's wrongful conduct, KJP is entitled to, among other relief, injunctive relief and an award of actual and/or statutory damages,

the Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT III
## FALSE ADVERTISING
### (15 U.S.C § 1125(a))

44. KJP repeats and realleges the allegations contained in every prior paragraph in this Complaint as if set forth in full herein.

45. The Defendant's conduct as alleged herein constitutes unfair competition, including false advertising, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

46. The Defendant's unauthorized use in commerce of the KJP Advertising Materials, including KJP's photographs from KJP's Website, as alleged herein conveys a false or misleading message to the relevant consuming public about the nature, qualities, characteristics, and/or origin of the Defendant's products and deceives or is likely to deceive the relevant consuming public that, contrary to fact, the Defendant's products are sold, authorized, endorsed, or sponsored by KJP, or that the Defendant is in some way affiliated with or sponsored by KJP.

47. The Defendant's unauthorized use in commerce of the KJP Advertising Materials, including KJP's photographs from KJP's website, and/or KJP Marks as alleged herein constitutes false advertising and a false and/or misleading description and/or representation of fact.

48. Upon information and belief, the Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of the Defendant with KJP.

49. The Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to KJP, and to its goodwill and reputation, and will continue to both damage KJP and confuse the public unless enjoined by this court and KJP has no adequate remedy at law.

50. As a direct and proximate result of the Defendant's wrongful conduct, KJP is entitled to, among other relief, injunctive relief and an award of actual and/or statutory damages, the Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, KJP prays for judgment and relief against the Defendant as follows:

1. That final judgement enters in favor of KJP and against the Defendant on all counts and/or claims of this Complaint.

2. That the Defendant, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with it be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. using the KJP Marks or the KJP Advertising Materials and any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine KJP Product or is not authorized by KJP to be sold in connection with the KJP Marks or the KJP Advertising Materials;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine KJP product or any other product produced by KJP that is not KJP's or not produced under

the authorization, control, or supervision of KJP and approved by KJP for sale under the KJP Marks or the KJP Advertising Materials;

  c. committing any acts calculated to cause consumers to believe that the Defendant's counterfeit products and/or goods are those sold under the authorization, control, or supervision of KJP, or are sponsored by, approved by, or otherwise connected with KJP;

  d. further infringing the KJP Marks and damaging KJP's goodwill;

  e. otherwise competing unfairly with KJP in any manner;

  f. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for KJP, nor authorized by KJP to be sold or offered for sale, and which bear any KJP Marks or the KJP Advertising Materials, or any reproductions, infringing copies, or colorable imitations thereof;

  g. using, linking to, transferring, selling, exercising control over, or otherwise owning any domain name, website, or online marketplace or account that is being used to sell or is how the Defendant could continue to sell infringing products and/or goods of KJP Products or using the KJP Marks or the KJP Advertising Materials; and

  h. operating and/or hosting websites at any other domain names registered or operated by the Defendant that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the KJP Marks or the KJP Advertising Materials or any reproduction, infringing copy or colorable imitation thereof that is not a genuine KJP product or not authorized by KJP to be sold in connection with the KJP Marks or the KJP Advertising Materials; and

2. That Defendant, within fourteen (14) days after service of Judgment with notice of entry thereof upon them, be required to file with the Court and serve upon KJP a written report under oath setting forth in detail the manner and form in which Defendant has complied with paragraph 1, a through h, above;

3. Entry of an Order that, upon KJP's request, those in privity with the Defendant, know and unknown, and those with notice of the injunction, including their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them including any online marketplaces, social media platforms, Internet search engines, web hosts for the Defendant's domain names, and domain name registrars, shall:

a. disable and cease providing services for any accounts through which Defendant engages in the sale of infringing products and/or goods using the KJP Marks or the KJP Advertising Materials;

b. disable and cease displaying any advertisements used by or associated with the Defendant in connection with the sale of infringing products and/or goods using the KJP Marks or the KJP Advertising Materials; and

c. take all steps necessary to prevent links to the Defendant's Internet Store from displaying in search results, including, but not limited to, removing links to the Defendant's Internet Store from any search index; and

4. Entry of an Order that enjoins PayPal and/or other similar vendors and/or services from making any distributions from any account established in the name of the Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with it;

5.	That the Defendant account for and pay to KJP all profits realized by the Defendant by reason of the Defendant's unlawful acts herein alleged, and that the amount of damages for infringement of the KJP Marks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

6.	In the alternative, that KJP be awarded statutory damages pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the KJP Marks;

7.	That KJP be awarded its reasonable attorneys' fees and costs; and

8.	Award any and all other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

KJP hereby demands a trial by jury on all issues so triable in this action.

></p>
The Plaintiff,
Kiel James Patrick, LLC,
By its Attorney,

*/s/ C. Alexander Chiulli*
C. Alexander Chiulli, Esq.  (Bar No. 9139)
Charles J. Russo, Esq. (Bar No. 10751)
Savage Law Partners, LLP
564 South Water Street
Providence, RI 02903
Email: achiulli@savagelawpartners.com
Email: crusso@savagelawpartners.com
Tel:	(401) 238-8500
Fax:	(401) 648-6748

Date: January 3, 2025