UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| KIEL JAMES PATRICK, LLC,<br>*Plaintiff*, | )<br>)<br>)<br>) |  |
| v. | )<br>) | C.A. No. 1:25-cv-00005-JJM-LDA |
| JOHN DOE and XYZ Corporation,<br>*Defendants.* | )<br>)<br>)<br>) |  |

## ORDER REGARDING PRELIMINARY INJUNCTION AND WRIT OF ATTACHMENT

In the above-captioned matter, the Motion For Temporary Restraining Order and Writ of Attachment ("**Motion for TRO**") of the Plaintiff Kiel James Patrick, LLC ("**KJP**" or "**Plaintiff**") was considered and evaluated by the Honorable John J. McConnell, Jr. on January 6, 2024. *See Text Order (January 6, 2024)*. The Court granted the Temporary Restraining Order and Writ of Attachment on January 6, 2024 ("**TRO**"). *See id.*

Thereafter, after a hearing on February 5, 2025, the Court extended the TRO for 14 days. On February 18, 2025, the Court granted KJP's Motion to Extend the TRO and further extended the TRO until March 12, 2025. *See Text Order (February 5, 2025); Dkt. No. 12*.

On March 12, 2025, the Court held a hearing regarding conversion of the TRO into a preliminary injunction and on the writ of attachment ("**Preliminary Injunction**") at which KJP appeared. No Defendant (defined herein) appeared at the hearing, nor did any Defendant object or did counsel for any Defendant enter an appearance.

Upon review of the papers and after hearing, it is hereby ORDERED, ADJUDGED, and DECREED:

1.That service of the Defendants, and all submissions by the KJP, were proper and consistent with the Motion for Alternative Service granted by the Court (*see January 14, 2025 Text Order*);

2.That the Preliminary Injunction is <u>GRANTED</u> as set forth herein;

3.That adequate notice has been provided pursuant to Fed. R. Civ. P. 65(b)(1)(B), or that the lack of notice was justified and excusable pursuant to Fed. R. Civ. P. 65(b)(1)(B);

4.That KJP has demonstrated:

a.that there is a likelihood of success on the merits of their claims, including Trademark Infringement, False Designation of Origin, and False Advertising;

b.that without the relief requested, including as set forth herein and the Defendant being prohibited from using the KJP Marks and KJP Advertising Materials, that KJP will suffer irreparable harm;

c.that the balance of hardships between the parties weighs in favor of granting the Preliminary Injunction, including that the harms to KJP outweigh any harm to the Defendant's legitimate interests that would be caused by the requested relief; and

d.that the granting of the Preliminary Injunction would be beneficial to the public interest, including that it will prevent confusion in the marketplace and will have no adverse effect on the legitimate interests of non-parties;

5.That the Defendant John Doe and the Defendant XYZ Corp. (individually and collectively, "**Defendant**"), their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with it be temporarily, preliminarily, and permanently enjoined and restrained from:

      **a.**    using the KJP Marks or KJP Advertising Material, as defined in the Complaint, or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine KJP Product or is not authorized by KJP to be sold in connection with the KJP Marks or the KJP Advertising Materials.

      **b.**    passing off, inducing, or enabling others to sell or pass off any product as a genuine KJP Product or any other product produced by KJP that is not KJP's product or not produced under the authorization, control, or supervision of KJP and approved by KJP for sale under the KJP Marks or the KJP Advertising Materials;

      **c.**    committing any acts calculated to cause consumers to believe that the Defendant's counterfeit or imitation products and/or goods are those sold under the authorization, control, or supervision of KJP, or are sponsored by, approved by, or otherwise connected with KJP;

      **d.**    further infringing or using the KJP Marks or the KJP Advertising Materials, and damaging KJP's goodwill;

      **e.**    otherwise competing unfairly with KJP in any manner;

      **f.**    shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for KJP, nor authorized by KJP to be sold or offered for sale, and which bear or feature any KJP Marks and KJP Advertising Materials, or any reproductions, counterfeit copies, or colorable imitations thereof;

      **g.**    using, linking to, transferring, selling, exercising control over, or otherwise owning any domain name, website, or online marketplace or account that is being used to sell or

is how the Defendant could continue to sell counterfeit or imitation products and/or goods of KJP Products or using the KJP Marks or the KJP Advertising Materials; and

   **h.** operating and/or hosting websites at any other domain names registered or operated by the Defendant that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing or featuring the KJP Marks or the KJP Advertising Materials or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine KJP Product or not authorized by KJP to be sold in connection with the KJP Marks or the KJP Advertising Materials;

  **6.** That those in privity with the Defendant and those with notice of the injunction, including its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with it including any online marketplaces, social media platforms, Internet search engines, web hosts for the Defendant's domain names, and domain name registrars, shall:

   **a.** disable and cease providing services for any accounts through which Defendant engages in the sale of counterfeit products and/or goods using the KJP Marks or the KJP Advertising Materials;

   **b.** disable and cease displaying any advertisements used by or associated with the Defendant in connection with the sale of counterfeit products and/or goods using the KJP Marks or the KJP Advertising Materials; and

   **c.** take all steps necessary to prevent links to the Defendant's commercial Internet Store, as defined in the Complaint, from displaying in search results, including, but not limited to, removing links to the Defendant's Internet Store from any search index; and

7.	That the funds and the accounts of the Defendant and/or associated with the Internet Store, including without limitation those at PayPal, Inc. and other similar vendors and/or service providers, are attached and temporarily restrained from access, disposition, use, taking, and transfer including without limitation by the Defendant and their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert; and

8.	That no security be posted by KJP concerning the preliminary injunction.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge, United States District Court
Date: March 12th, 2025

PRESENTED BY:

The Plaintiff,
Kiel James Patrick, LLC,
By its Attorney,

/s/ C. Alexander Chiulli
C. Alexander Chiulli, Esq.  (Bar No. 9139)
Charles J. Russo, Esq. (Bar No. 10751)
Savage Law Partners, LLP
564 South Water Street
Providence, RI 02903
Email: achiulli@savagelawpartners.com
Email: crusso@savagelawpartners.com
Tel:     (401) 238-8500

5